# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

CHRISTOPHER NEIL REED                                                                         PLAINTIFF
ADC #154916

V.                                      NO: 4:13CV00530 BSM/HDY

ALICIA SOTO *et al.*                                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.     Why the record made before the Magistrate Judge is inadequate.

    2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Christopher Neil Reed filed this *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on September 10, 2013, alleging that Defendants Alicia Soto, Robert Reynolds, and Scott Seiders, were deliberately indifferent to his medical needs when he was held at the White County Detention Center. On July 17, 2014, Defendants filed a motion for judgment on the pleadings, along with a brief in support (docket entries #35 & #36). Although Plaintiff has been granted additional time to file a response, he has not done so.

### I. Standard of review

Motions for judgment on the pleadings are governed by the same standards that apply to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 554-55 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and

setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers.

## II. Analysis

As Defendants note in their response, Plaintiff specifically indicated that he sued Defendants in their official capacity only (docket entry #2, page #2). Plaintiff's suit against Defendants in their official capacity is essentially a suit against White County. *Liebe v. Norton* 157 F.3d 574, 578 (8th Cir. 1998). A local government may not be sued under section 1983 on a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). In order to establish municipal liability, Plaintiff must prove a policy, practice, or custom, attributable to the municipality, and show that the policy, practice, or custom, directly caused a constitutional injury. *See Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1094 (8th Cir. 2004). Plaintiff has failed to even make such an allegation. Despite having notice of the deficiencies of his complaint, Plaintiff has not responded. Accordingly, Defendants are entitled to dismissal of Plaintiff's claims.

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for judgment on the pleadings (docket entry #35) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

3. All other pending motions be DENIED AS MOOT.

DATED this   11   day of August, 2014.

_____
UNITED STATES MAGISTRATE JUDGE